AO 451 (Rev.12/93) Certification of Judgment

# UNITED STATES DISTRICT COURT

Southern DISTRICT OF New York

Local 8A-28A WELFARE and 401(k)
Retirement Funds, et al,
Plaintiffs,

V.

CHICAGO METAL MAINTENANCE
Defendant

**CERTIFICATION OF JUDGMENT
FOR REGISTRATION IN
ANOTHER DISTRICT**

Case Number:   04 Civil 1791 (WHP)

I, __J. MICHAEL McMAHON__ Clerk of the United States district court certify that the attached judgment is a true and correct copy of the original judgment entered in this action __11/30/2005__, as it
Date

appears in the records of this court, and that

no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate procedure has been filed.

**IN TESTIMONY WHEREOF**, I sign my name and affix the seal of this Court.

_____2/1/08_____   _____J. Michael M. Mahon_____
Date                      Clerk

                         _____[signature]_____
                         (By) Deputy Clerk

*Insert the appropriate language: ..."no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed." ..."no notice of appeal from this judgment has been filed, and any motions of the kinds listed in Rule 4(a) of the Federal Rules of Appellate Procedure (†) have been disposed of, the latest order disposing of such a motion having been entered on [date]." ..."an appeal was taken from this judgment and the judgment was affirmed by mandate of the Court of Appeals issued on [date]. ..."an appeal was taken from this judgment and the appeal was dismissed by order entered on [date]."

(†Note: The motions listed in Rule 4(a), Fed. R. App. P., are motions: for judgment notwithstanding the verdict; to amend or make additional findings of fact; to alter or amend the judgment; for a new trial; and for an extension of time for filing a notice of appeal.)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LOCAL 8A-28A WELFARE and 401(k)
RETIREMENT FUNDS, et al.,
                        Plaintiffs,

      -against-

CHICAGO METAL MAINTENANCE,
                        Defendant.
-----------------------------------------------------------X

04 CIVIL 1791 (WHP)
*PARTIAL*
**JUDGMENT**

#05,2393

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/30/05

      Plaintiffs having moved for summary judgment on their claims, or in the alternative, for partial summary judgment on the undisputed amount of $163,341.04, and the matter having come before the Honorable William H. Pauley III, United States District Judge, and the Court, on November 29, 2005, having rendered its Order granting plaintiffs' motion for partial summary judgment, awarding plaintiffs' unpaid contributions, interest, fees and costs in the amount of $163,442.09, and directing the Clerk of the Court to enter a partial judgment in favor of plaintiffs and against the defendant, it is,

      **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Order dated November 29, 2005, plaintiffs' motion for partial summary judgment is granted; plaintiffs are awarded unpaid contributions, interest, fees and costs in the amount of $163,442.09; accordingly, a partial judgment is entered in favor of plaintiffs and against the defendant.

Dated: New York, New York
          November 30, 2005

                                                  J. MICHAEL McMAHON
                                                    Clerk of Court
                                 BY:
                                                      Deputy Clerk

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _____

I hereby attest and certify that this is a printed copy of a document which was electronically filed with the United States District Court for the Southern District of New York.
Date Filed: 11/30/05
J. MICHAEL McMAHON, CLERK

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
LOCAL 8A-28A WELFARE and
401(k) RETIREMENT FUNDS,
by their Trustees: Richard Croll, Jr.,      :    04 Civ. 1791 (WHP)
Hector Lopez, Laura Foster, Jacinto Perez,
Thomas Hodgson, Michele Bodnar,      :    ORDER
Douglas Golan and Robert Fabrizio,
                                          :
                 Plaintiffs,
                                          :
                -against-
                                          :
CHICAGO METAL MAINTENANCE,
                                          :
                 Defendant.
                                          :
----------------------------------X

WILLIAM H. PAULEY III, District Judge:

        Plaintiffs, Local 8A-28A Welfare Fund (the "Welfare Fund") and 401(k) Retirement Fund (the "Pension Fund") (collectively, the "Funds"), by their Trustees, bring this action seeking unpaid contributions, interest, penalties, costs and fees in the amount of $246,012.58 pursuant to the collective bargaining agreements between Local 8A-28A (the "Union") and Chicago Metal Maintenance and Section 502(g)(2) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(g)(2). Plaintiffs move for summary judgment on their claims, or in the alternative, for partial summary judgment on the undisputed amount of $163,341.04. For the following reasons, Plaintiffs' motion for partial summary judgment is granted.

BACKGROUND

Local 8A-28A, an employee organization, maintains the Welfare and Pension Funds with certain employers to provide retirement benefits to employees. (Plaintiff's Statement of Uncontroverted Fact, dated Aug. 11, 2005 ¶¶ 1-2; Defendant's Counterstatement, dated Sept. 30, 2005 ¶¶ 1-2.) The Union and Chicago Metal Maintenance entered two collective bargaining agreements as of January 1, 1999 and January 1, 2004, respectively (the "CBAs"). (Plaintiffs' Memorandum in Support of Motion for Summary Judgment, filed Aug. 11, 2005 ("Pls. Mem.") Exs. 2, 3.) The CBAs require Defendant to make monthly contributions to the Funds on behalf of eligible employees. (Pls. Mem. Ex. 2, Arts. XVII & XVIII; Pls. Mem. Ex. 3, Arts. XVI & XVII.)

"It is the policy of the Funds to conduct periodic reviews of contributing employers to audit periods of time to determine whether or not proper contributions have indeed been made." (Reply Affidavit of Fernando Quinones, dated Oct. 19, 2005 ¶ 4.) Plaintiffs conducted an audit for the period January 1999 through September 2002 (the "Audit Period"), which revealed unpaid contributions of $41,869.82 to the Welfare Fund and $3,096.82 to the Pension Fund. (Affidavit of Ray Endres, dated Aug. 9, 2005 ("Endres Aff.") ¶ 3.) Including interest and accounting fees, Plaintiffs seek $67,242.58 for the Welfare Fund and $7,544.24 for the Pension Fund for the Audit Period. (Endres Aff. ¶ 5.)

The Administrator of the Funds also reviewed the contribution records of the Funds for the period January 1, 2003 through August 1, 2005. (Affidavit of Fernando Quinones in Support of Plaintiffs' Motion for Summary Judgment, dated Aug. 9, 2005 ("Quinones Aff.") ¶¶ 1, 4.) Based on this review, Plaintiffs determined that for the period April 1, 2003 through August 1, 2005 (the "Review Period"), Defendant failed to make contributions in the amount of

$97,177.84 to the Welfare Fund and $6,336.00 to the Pension Fund. (Quinones Aff. ¶ 6 & Ex. 1.)

On March 5, 2004, Plaintiffs commenced this action seeking the unpaid contributions to the Funds for the Audit Period and from October 2002 through the date of judgment, including the Review Period. (Complaint, dated Mar. 3, 2004 ("Compl.") at 6-7.) Plaintiffs also seek interest on the unpaid contributions, statutory damages, reasonable attorneys' fees, accountants' fees and costs under the CBAs and 29 U.S.C. § 1132 (g)(2).

## DISCUSSION

I.  Summary Judgment Standard

Summary judgment is appropriate when the movant demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); accord Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Grady v. Affiliated Cent., Inc., 130 F.3d 553, 559 (2d Cir. 1997). On such a motion, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [its] favor." Liberty Lobby, 477 U.S. at 255; accord Preseault v. City of Burlington, 412 F.3d 96, 101 (2d Cir. 2005). Summary judgment is not warranted where the non-movant can "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). In this regard, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1996).

3

II.   Unpaid Contributions

Plaintiffs' motion seeks unpaid contributions for the Audit Period and the Review Period. It is undisputed that Defendant owes the Funds $43,114.00 in unpaid contributions including interest, accounting fees and liquidated damages for the Audit Period. (Transcript of Oral Argument on Nov. 11, 2005 ("Tr.") at 9:19-10:2; see Reply Affidavit of Roger H. Madon, dated Oct. 19, 2005 ("Madon Reply Aff.") ¶ 5.) Defendant disputes the remaining Audit Period amount. According to Defendant, contributions are not required under the CBAs for ineligible employees and employees in the first ninety days of their employment. (Declaration of Frank Lawnicki, dated Sept. 30, 2005 ("Lawnicki Decl.") ¶¶ 5-10, 12-15.) Plaintiffs counter that an unwritten policy requires contributions for the ineligible employees and that the CBAs plainly require contributions during the first ninety days of employment. (Tr. at 4:3-9, 6:7-9.) However, at oral argument, Plaintiffs' counsel expressed his willingness to withdraw his motion for summary judgment regarding these classifications. (Tr. at 6:15-21 ("I'm not so willing to give up the ship on the 90 days, although I am willing to do that, I'm far more willing to give up the ship on the classification argument.").) Based on the evidence submitted by the parties, this Court finds that Defendant has raised a genuine issue of fact with respect to these contributions. Thus, in light of the issues raised and Plaintiffs' willingness to forgo these contributions for a judgment on the undisputed amount, this Court finds that summary judgment is appropriate on the undisputed amount of $43,114.00 for the Audit Period.

With respect to the Review Period, Defendant does not dispute Plaintiffs' calculation of the unpaid contribution amounts and has not offered any evidence to refute this sum. Indeed, Defendant's only argument concerning these unpaid contributions appears in a footnote to the Lawnicki Declaration:

> [S]ince the allegations set forth in the Complaint fail to allege that
> Chicago Metal failed to make payments to the Funds after
> December 2003, there is no basis for the Court to award plaintiff's
> damages for alleged violations after December 2003.

(Lawnicki Decl. ¶ 4 n.1.) However, in their Complaint, Plaintiffs assert claims based on unpaid contributions from October 2002 through the date of judgment. (Compl. ¶¶ 10, 17 & at 6-7.) Because Defendant has not set forth any specific facts establishing a genuine issue for trial in this regard, this Court concludes that summary judgment is appropriate for unpaid contributions in the amount of $103,513.84 plus attorneys' fees and costs in the amount of $16,814.25.[1] (See Quinones Aff. ¶ 6 & Ex. 1; Madon Reply Aff. ¶ 5.)

---

[1] The Madon Reply Affidavit states the amount of unpaid contributions attributable to the Review Period as $103,412.79, purportedly based on the amount set forth in the Quinones Affidavit. (Madon Reply Aff. ¶ 5.) The Quinones Affidavit, however, reflects an amount of $103,513.84. (Quinones Aff. ¶ 6 & Ex. 1.) Because the Madon Reply Affidavit refers to the Quinones Affidavit for the amount owed, this Court finds that $103,513.84 is the amount of unpaid contributions supported by the evidence.

5

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for partial summary judgment is granted. This Court awards Plaintiffs unpaid contributions, interest, fees and costs in the amount of $163,442.09. The Clerk of Court is directed to enter a partial judgment in favor of Plaintiffs and against the Defendant.

Dated: November 29, 2005
New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record*:

Roger H. Madon, Esq.
Roger H. Madon and Associates, P.C.
737 Third Avenue, 23rd Floor
New York, NY 10017
*Counsel for Plaintiffs*

Joseph J. Lynett, Esq.
Pryor Cashman Sherman & Flynn LLP
410 Park Avenue
New York, NY 10022
*Counsel for Defendant*

6



ECF DOCUMENT
I hereby attest and certify that this is a printed copy of a document that was electronically filed with the United States District Court for the Southern District of New York
Date Filed: 3/29/07
J. MICHAEL MCMAHON, CLERK